## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| BERTIS DOYLE CUPIT, III, | § | |
| #126043517, | § | |
| PETITIONER, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:24-CV-1712-X-BK |
| | § | |
| SHERIFF ADAM KING, | § | |
| RESPONDENT. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner Bertis Doyle Cupit's *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. The Court granted Cupit's motion to proceed *in forma pauperis* but did not order a response pending judicial screening. Doc. 12. As detailed here, the petition should be summarily **DISMISSED WITHOUT PREJUDICE** pursuant to the *Younger* abstention doctrine.

### I. BACKGROUND

Cupit, a state pretrial detainee in the Johnson County Jail, complains of Fourth and Fifth Amendment violations. Doc. 10 at 5-7. He is awaiting trial on indictments charging him with fraudulent use or possession of identifying information, possession of a controlled substance, and theft. *State v. Cupit*, Nos. DC-F202300904 and DC-F202400300 (413th Dist. Court, Johnson Cnty., Tex.). Doc. 10 at 3. Cupit asserts that (1) he was arrested without probable cause, (2) he was improperly questioned in violation of his rights, (c) the charge in case number DC-

F202400300 was based on improper evidence, (d) he was denied his *Miranda* rights, (e) the charge in case number DC-F202300904 is "without evidence," and (f) his rights were violated by an illegal search and seizure. Doc. 10 at 5-8. According to the state trial court docket sheets, Cupit has court-appointed counsel, and both of his criminal cases are scheduled for trial.[1]

Upon review, the Court finds that Cupit's claims are barred by the *Younger* abstention doctrine. Therefore, his petition should be dismissed.

## II. ANALYSIS

Challenges raised in a pretrial habeas corpus petition are governed by 28 U.S.C. § 2241. *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998). A § 2241 habeas petition is subject to summary dismissal if it appears from the face of the petition that the petitioner is not entitled to relief. *See Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998) (affirming summary dismissal of § 2241 petition without ordering an answer from respondent); *see also* Rule 4 of the RULES GOVERNING SECTION 2254 CASES (providing for summary dismissal of habeas petitions).[2]

Review of pretrial habeas petitions is limited, however, to avoid unwarranted interference with ongoing state-court criminal proceedings. *Kolski v. Watkins*, 544 F.2d 762, 766 (5th Cir. 1977) (applying *Younger* abstention doctrine to pretrial habeas petition, noting "no practical difference between granting federal habeas relief from a pending state criminal trial and

---

[1] The trial court docket sheets are available by selecting "criminal records" at pa.johnson countytx.org/PublicAccess/default.aspx and then entering the criminal case numbers (last accessed Aug. 6, 2024).

[2] Rule 1(b) of the RULES GOVERNING SECTION 2254 CASES renders the 2254 Rules applicable to habeas petitions not covered by § 2254.

enjoining the same trial"). Thus, the Court must first examine the threshold question of whether it has subject matter jurisdiction.

Cupit seeks to raise constitutional challenges related to his ongoing state criminal cases. The *Younger* abstention doctrine precludes federal courts from granting injunctive or habeas relief based on constitutional challenges to state criminal prosecutions that are pending at the time the federal action is instituted. *Younger v. Harris,* 401 U.S. 37, 41 (1971); *Kolski*, 544 F.2d at 766. For *Younger* to apply, three criteria must be satisfied: (1) the dispute must involve an ongoing state judicial proceeding; (2) an important state interest in the subject matter of the proceeding must be implicated; and (3) the state proceeding must afford an adequate opportunity to raise constitutional challenges. *Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018) (citations omitted).

The *Younger* abstention requirements are met here. First, Cupit asks the Court to intervene to resolve issues related to his ongoing state criminal case, and this Court's grant of habeas relief would necessarily interfere with the state court's ability to conduct its own proceedings, in contravention of *Younger*. *See Bice v. La. Pub. Def. Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) ("Interference is established 'whenever the requested relief would interfere with the state court's ability to conduct proceedings, regardless of whether the relief targets the conduct of a proceeding directly.'"). Further, the state obviously has a vital interest in prosecuting violations of its criminal laws. *DeSpain v. Johnston,* 731 F.2d 1171, 1176 (5th Cir. 1984) ("The state has a strong interest in enforcing its criminal laws."). Also, Cupit can litigate the Fourth and Fifth Amendment claims he raises here in the state proceedings where he is represented by appointed counsel. Texas courts also offer Cupit the chance to exhaust any claim of ineffective

assistance of counsel on collateral review if he is convicted.  *See Trevino v. Thaler*, 569 U.S. 413, 426 (2013).

Finally, Cupit has not suggested, much less shown, that the very narrow exceptions to the *Younger* abstention doctrine appl here.  *See Gates*, 885 F.3d at 881 (detailing exceptions and noting the petitioner bears the burden of proof (citing *Younger*, 401 U.S. at 45)).  As relevant here, Cupit's dissatisfaction with the criminal proceedings does not rise to extraordinary circumstances.  *Kugler v. Helfant*, 421 U.S. 117, 124 (1975) ("Only if 'extraordinary circumstances' render the state court incapable of fairly and fully adjudicating the federal issues before it, can there be any relaxation of the deference accorded to the state criminal process."); *Chavez v. Dallas Cnty. Sheriff's Off.*, No. 3:21-CV-891-B-BK, 2022 WL 2182189, at *3 (N.D. Tex. Apr. 21, 2022), *rec. adopted*, 2022 WL 2181067 (N.D. Tex. June 16, 2022) (dismissing pre-trial habeas petition raising ineffective assistance of counsel, among other grounds, based on the *Younger* abstention doctrine because the petitioner had shown no extraordinary circumstances).

In sum, because Cupit cannot show that any exception to the *Younger* abstention doctrine is warranted, the Court should abstain from exercising habeas jurisdiction over his claims that seek federal intervention in his pending Johnson County prosecution.  *See Kolski*, 544 F.2d at 766 (affirming denial of federal habeas petition by state pretrial detainee relating to his pending criminal prosecution).

### III. CONCLUSION

For all these reasons, the habeas corpus petition should be **DISMISSED WITHOUT PREJUDICE** under the *Younger* abstention doctrine.

**SO RECOMMENDED** on September 18, 2024.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).